RENDERED:  JULY 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0322-MR

LEO CORNELIUS SPURLING                                      APPELLANT


APPEAL FROM LYON CIRCUIT COURT
v.                HONORABLE NATALIE WHITE, JUDGE
ACTION NO. 88-CR-00074


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND JONES, A.,
JUDGES.

CALDWELL, JUDGE:  Leo Cornelius Spurling, *pro se*, appeals a January 23,
2025, order of the Lyon Circuit Court denying as untimely his motion for a vacatur
of sentence pursuant to CR[1] 60.02.  We affirm.

## BACKGROUND

---

[1] Kentucky Rules of Civil Procedure.

In 1982, Spurling was convicted of first-degree manslaughter in Jefferson Circuit Court (Action No. 79-CR-001047) and sentenced to ten-years' imprisonment. The following year, Spurling was convicted of murder, two counts of wanton endangerment in the first degree, and being a persistent felony offender ("PFO") in the second degree in Jefferson Circuit Court (Action No. 83-CR-000328). The jury recommended a sentence of 20 years for murder, enhanced to life as a result of the PFO conviction. *Spurling v. Commonwealth*, No. 2006-CA-000551-MR, 2007 WL 543392, at *1 (Ky. App. Feb. 23, 2007) (unpublished).

Subsequently, Spurling was charged in the case underlying this appeal. We have summarized some of the procedural history on prior occasions:

> While serving time in the penitentiary, Spurling was again charged with murder. He was subsequently indicted and tried in Lyon County under indictment 88-CR-0074 in June 1989. The jury fixed his punishment at 150 years in the penitentiary on one count of murder. During the "truth and sentencing" phase, the prosecutor introduced evidence that Spurling had previously been convicted of two separate homicides and received a 10-year and life sentence.

*Id.* (footnote omitted).

The trial court followed the jury recommendation and in Final Judgment entered August 14, 1989, Spurling was sentenced to 150-years' imprisonment. His conviction was affirmed upon direct appeal to the Kentucky Supreme Court (Action No. 1989-SC-000638-MR). Following this:

> Spurling filed the first motion to vacate the judgment in indictment 88–CR–0074 from Lyon Circuit Court under RCr[2] 11.42. That motion filed in June 1997 was denied by the trial court. Subsequently, the Kentucky Court of Appeals affirmed the trial court and the Kentucky Supreme Court denied discretionary review.

*Spurling*, 2007 WL 543392, at *1.

After this, Spurling began his pursuit of CR 60.02 relief in a series of successive motions:

> Over the next several decades, Spurling filed numerous post-conviction motions. In 2005, Spurling filed a motion pursuant to CR 60.02 to vacate his judgment of conviction. The circuit court denied the CR 60.02 motion by order entered February 15, 2006. This Court affirmed the denial of the motion (Appeal No. 2006-CA-000551-MR), and Spurling did not seek discretionary review.
>
> Then, in 2006, Spurling filed another CR 60.02 motion to vacate his judgment of conviction. By order entered November 1, 2007, the circuit court denied the motion as untimely and as a successive CR 60.02 motion. The Court of Appeals affirmed the circuit court's denial of the motion (Appeal No. 2007-CA-002505-MR), and Spurling did not seek discretionary review.

*Spurling v. Commonwealth*, No. 2019-CA-000283-MR, 2020 WL 3124673, at *1 (Ky. App. Jun. 12, 2020) (unpublished). In 2017, Spurling filed another CR 60.02 motion that was denied by the circuit court as untimely filed. *Id*. We determined

---

[2] Kentucky Rule of Criminal Procedure.

-3-

that the circuit court did not abuse its discretion in denying Spurling's motion and affirmed. *Id*. at *3.

On July 19, 2024, about thirty-five years after he was first sentenced in this case, Spurling filed a "Motion for Vacatur of Judgment of Sentence" that is the subject of this appeal. Record on Appeal ("R."), p. 55. Spurling referenced CR 60.02 as the procedural mechanism for the relief sought in the motion. He argued the trial court had made a "palpable sentencing error" during the jury trial by permitting the Commonwealth to proceed under the "truth-in-sentencing" statute, after granting the Commonwealth's motion to dismiss the PFO charge. The circuit court denied his motion as untimely, finding that Spurling had not sought relief within a reasonable time. Spurling then filed the present appeal.

**STANDARD OF REVIEW**

The decision whether to grant relief pursuant to CR 60.02 is within the trial court's exclusive discretion; we review a trial court's denial of a CR 60.02 motion for an abuse of that discretion. *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021).

A trial court abuses its discretion only when it issues a decision which is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Accordingly, upon our review, this Court must affirm a denial of a motion pursuant to CR 60.02

absent a showing of some "flagrant miscarriage of justice[.]" *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

In this appeal, Spurling appeals the denial of his CR 60.02 motion, where he argued the trial court erred in allowing the Commonwealth to dismiss the PFO I charge in the indictment and continue with penalty phase "truth-in-sentencing" proceedings without providing him with prior notice. Spurling alleges this was a "deviation from the mandatory sentencing scheme set forth in KRS[3] 532.055 and KRS 532.080" on the part of the trial court. Spurling contends that, pursuant to KRS 532.055(3), the Commonwealth was prohibited from proceeding with the penalty phase of the truth-in-sentencing statute without the proceedings "remaining attached to and combined with" PFO I proceedings pursuant to KRS 532.080. He also alleges that he was entitled to notice of the prior offenses that were presented during the penalty phase of the KRS 532.055 proceedings. Spurling alleges that the trial court abused its discretion by denying his CR 60.02(f) motion as untimely filed and failing to consider the merits; he argues that his motion identified a "jurisdictional sentencing error defect" so that it may be brought at any time and is not subject to otherwise applicable time limitations.

---

[3] Kentucky Revised Statutes.

-5-

The Commonwealth argues that the trial court did not abuse its discretion, that Spurling's motion was procedurally barred, and that the arguments in the motion are substantively meritless.

In the order under appeal, prior to concluding that Spurling had not pursued relief within a reasonable time, the trial court briefly summarized some of the procedural background of post-conviction motions in this case. As previously indicated, Spurling was first sentenced in this case in 1989. After the conviction was affirmed on direct appeal by the Kentucky Supreme Court in 1990, he filed his first post-conviction motion with the trial court no later than 1997. This Court affirmed the trial court's denial of that motion.[4] Nearly two decades ago, we affirmed the trial court's denial of another post-conviction motion Spurling filed in this case in 2005 as untimely and as a successive CR 60.02 motion. In 2009, we affirmed the trial court's denial of another CR 60.02 as untimely. Then, in 2020, we again found the trial court did not abuse its discretion by denying as untimely another CR 60.02 motion filed by Spurling in this case.

CR 60.02 sets forth time requirements which serve as a "threshold to relief" and allow a trial court, where it has determined the CR 60.02 motion was

_____

[4] In the order under appeal, Spurling's 2005 motion is the earliest post-conviction motion referenced by the trial court. However, "Spurling filed the first motion to vacate the judgment in indictment 88-CR-0074 from Lyon Circuit Court under RCr 11.42. That motion filed in June 1997 was denied by the trial court. Subsequently, the Kentucky Court of Appeals affirmed the trial court and the Kentucky Supreme Court denied discretionary review." *Spurling*, 2007 WL 543392, at *1.

not timely filed, to deny the motion without reaching the merits. *Gross*, 648 S.W.2d at 858. When a CR 60.02 motion is based on the grounds of mistake, newly discovered evidence, or perjury, it must be made within one year after the judgment or order. CR 60.02. Other CR 60.02 motions, including those made pursuant to Subsection (f), are not subject to the one-year limitations period but are nonetheless required to "be made within a reasonable time[.]" *Id*. No evidentiary hearing is required for assessment of the reasonable time restriction in CR 60.02 motions; the determination is at the discretion of the trial court. *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014); *see also Gross*, 648 S.W.2d at 858 ("What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court.").

Furthermore, CR 60.02 may be utilized only in extraordinary situations where relief was unavailable on direct appeal or pursuant to RCr 11.42 and successive post-judgment motions are not permitted under the rule. *Foley*, 425 S.W.3d at 884; *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). "CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or an RCr 11.42 proceeding. Indeed, RCr 11.42(3) makes clear that the movant shall, in his RCr 11.42 petition, state all grounds for holding the sentence invalid of which

-7-

the movant has knowledge." *Foley*, 425 S.W.3d at 884 (citation and footnote omitted).

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete [and] is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02." *Commonwealth v. Moore*, 664 S.W.3d 582, 588 (Ky. 2023) (quoting *Gross*, 648 S.W.2d at 856). To comply with Kentucky's post-judgment procedural structure in a criminal case, a CR 60.02 motion must not only seek "relief that is not available by direct appeal and not available under RCr 11.42[,]" the movant is also obligated to demonstrate in the motion "why he is entitled to this special, extraordinary relief." *Moore*, 664 S.W.3d at 588–89 (internal quotation marks omitted).

Spurling sought relief pursuant to CR 60.02 in his motion and was accordingly required to demonstrate the motion had been "made within a reasonable time[.]" CR 60.02.

Spurling offers no argument or explanation as to why he could not have previously raised the issues in his CR 60.02 motion to trial court. Nor does he in any way identify why the relief he currently seeks was otherwise unavailable by way of a direct appeal or a motion pursuant to RCr 11.42.

There can be no doubt that, having been filed over thirty-five years after he was sentenced, Spurling's motion is untimely. *See, e.g.*, *Djoric v. Commonwealth*, 487 S.W.3d 908, 910 (Ky. App. 2016) (holding that a nearly thirteen-year delay in seeking CR 60.02 motion was unreasonable). As the Commonwealth points out, although not an explicit basis of the trial court's denial, Spurling's motion is also unquestionably successive. It is, at least, the fifth CR 60.02 motion he has filed in this case.

Spurling argues that his motion could not be time-barred, nor subjected to collateral estoppel, laches, or claim preclusion for having not raised it earlier because the motion alleged that his sentence was unlawful and that the trial court had committed a jurisdictional sentencing error. For authority, he cites *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018), and argues its precedent dictates that his motion was not subject to any time limitations or other procedural bar set forth in CR 60.02. Spurling alleges the trial court abused its discretion by ignoring *Phon* and "all its particulars" when it denied his motion for post-judgment relief. Appellant brief, p. 5. However, scrutiny of Spurling's motion demonstrates it does not raise any issue of an illegal sentence that would come within the scope of *Phon*.

In *Phon*, the Kentucky Supreme Court held that "a sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and

-9-

void." 545 S.W.3d at 304. "The legislature makes the laws, deciding what is a crime and the amount of punishment to impose for violations thereof[,]" while "[t]he judiciary determines guilt and selects or implements a sentence within the legislative range." *Id*. The imposition of sentence by a trial court in excess of the statutorily available range is an overreach of power extending "beyond the limits that the legislature has placed upon the judicial branch." *Id*. at 302. Accordingly, such a sentence is an encroachment of the judiciary into the realm of the legislative branch and a constitutional violation of separation of powers. *Id*. at 302–03 (citing *Prater v. Commonwealth*, 82 S.W.3d 898, 907 (Ky. 2002)); *see also id.* at 303 (citing *McClanahan v. Commonwealth*, 308 S.W.3d 694, 698 (Ky. 2010)) (internal quotation marks omitted) ("[A] trial court's imposition of a sentence in violation of legislative directive [is] a violation of the separation of powers doctrine embodied in Sections 27 and 28 of the Kentucky Constitution, and is an abuse of discretion.").

After concluding that a sentence in excess of statutory limitations imposed by the legislature is a constitutional separation of powers violation, the *Phon* Court reached the reluctant[5] conclusion that "timeliness in bringing the [post-judgment motion] is immaterial." 545 S.W.3d at 303. The Court explained that

---

[5] "We are loathe to hold in this manner, for, as we have repeatedly stated, 'a CR 60.02(f) motion must be made "within a reasonable time."'" *Phon*, 545 S.W.3d at 303 (quoting *Foley*, 425 S.W.3d at 884 (quoting CR 60.02 and *Gross*, 648 S.W.2d at 858)).

the holding as to "the timeliness issue [was] not one of rewarding a defendant for an appeal that is lacking in form or punctuality" but was instead a necessary precaution to prevent the judicial branch "from overstepping its bounds and legislating" through imposition of sentences in excess of those authorized by the legislature. *Id*. Even where an illegal sentence is not brought to the attention of an appellate court until many years later, the *Phon* Court determined, that court is duty-bound to correct the unlawful order to avoid complicity in an unconstitutional breach of the separation of powers. *Id*. at 303. "Our courts must not be complicit in the violation of the public policy embedded in our sentencing statutes by turning a blind eye to an unlawful sentence[.]" *Id*. at 302 (quoting *McClanahan*, 308 S.W.3d at 701).

While the *Phon* Court held that "a sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and void[,]" the Court was clear that its "holding [was] narrow:  only a sentence that is illegal and was illegal at the time it was imposed would fall within this holding." 545 S.W.3d at 304.

To determine whether the trial court was obligated to alter analysis of the time limitations in CR 60.02 pursuant to *Phon* then, we must discern whether the motion Spurling submitted to the trial court raised any legitimate issue that his

sentence is illegal and was illegal at the time it was imposed would fall within this holding.

Spurling's CR 60.02 motion simply does not establish, nor even allege, that his sentence was beyond the statutory range for capital offenses at the time it was imposed. *Phon*, 545 S.W.3d at 304. The statutory range of available sentences authorized for persons convicted of capital offenses is established by KRS 532.030(1). At the time of Spurling's sentencing in 1989, KRS 532.030(1) provided that:

> [w]hen a person is convicted of a capital offense he shall have his punishment fixed at death, or at a term of imprisonment for life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence, or to a sentence of life, or to a term of not less than twenty (20) years.[6,7]

Neither does his motion raise any legitimate issue as to whether the jury's, or the trial court's, decision as to his punishment were made without full consideration of the statutorily-allowed sentencing options. *See Moore*, 664 S.W.3d at 589 (citing *Grigsby v. Commonwealth*, 302 S.W.3d 52, 54 (Ky. 2010)) ("[A] 'sentencing issue' is a claim that a sentencing decision is contrary to statute,

---

[6] *See* 1998 Kentucky Laws Ch. 606 (H.B. 455).

[7] KRS 532.030(1) was amended in 1998 and currently reads: "[w]hen a person is convicted of a capital offense, he shall have his punishment fixed at death, or at a term of imprisonment for life without benefit of probation or parole, or at a term of imprisonment for life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence, or to a sentence of life, or to a term of not less than twenty (20) years nor more than fifty (50) years."

such as when an imposed sentence is longer than allowed by statute for the crime, or a claim that the decision was made without fully considering the statutorily-allowed sentencing options.").

Spurling alleges that the trial court erred by permitting the Commonwealth to proceed under KRS 532.055 alone for the penalty phase. KRS 532.055 "established a bifurcated proceeding" so that juries would not be privy to inadmissible information concerning a defendant's criminal record until after the guilt-innocence phase of the trial. *Manns v. Commonwealth*, 80 S.W.3d 439, 444 (Ky. 2002). Spurling's allegation, that the trial court improperly proceeded pursuant to KRS 532.055, does not amount to an allegation that the trial court imposed a sentence beyond the permissible range imposed by the legislature, or that the proceedings prevented the jury from fully considering the statutorily allowed sentencing options:

> [KRS] 532.055 is procedural in nature. Its provisions deal with the procedure to be followed in the trial and sentencing of criminal felony trials. The statute does not add or remove any element necessary to convict of any crime, *and it does not increase or lower the penalty that can be imposed upon conviction*.

*Commonwealth v. Reneer*, 734 S.W.2d 794, 796 (Ky. 1987) (emphasis added).

As such, Spurling's latest CR 60.02 motion simply does not raise any issue which might fall within the narrow holding of *Phon*, and the trial court did

-13-

not abuse its discretion by denying the motion as untimely without an evidentiary hearing or consideration of its merits.

We could thus summarily affirm the trial court's denial of the motion on the grounds of timeliness alone. Furthermore, as we determined with issues Spurling raised in a prior CR 60.02 appeal, there is no reason Spurling could not have raised any issue here on direct appeal, or when pursuing his first CR 11.42 motion no later than 1997. Consequently, he is now precluded from doing so under any provision of CR 60.02 and we could affirm without consideration of the merits on the grounds that Spurling's motion is successive. Leniently, however, we will briefly explain why Spurling would not be entitled to relief on the merits, even if his motion were not procedurally barred.

Spurling argues that, as the Commonwealth had secured an indictment which included a PFO charge pursuant to KRS 532.080, it was statutorily prohibited from dismissing the PFO charge and thereafter proceeding pursuant to KRS 532.055 alone. Spurling contends this prohibition was dictated by KRS 532.055(3), which, at the time of his sentence, stated that: "[a]ll hearings held pursuant to this section shall be combined with any hearing provided for by KRS 532.080. This section shall not apply to sentencing hearings provided for in KRS 532.025."[8]

---

[8] *See* 1998 Kentucky Laws Ch. 606 (H.B. 455).

As best we can discern his *pro se* argument, Spurling interprets KRS 532.055(3) to mandate that, once a defendant has been indicted for PFO under KRS 532.080, any jury trial proceeding under KRS 532.055 in the case must remain "attached to and combined with" any hearings provided for KRS 532.080. Furthermore, Spurling interprets KRS 532.055(3) to mandate that the jury trial proceedings remain "attached to and combined with" the hearings provided for KRS 532.080, *even where the Commonwealth no longer pursues a conviction pursuant to KRS 532.080.* We find no support for Spurling's interpretation in the statute. While KRS 532.055(3) provides for bifurcated criminal trials with the penalty and persistent felony offender determinations combined into the same procedure, we do not read this provision as prohibiting the Commonwealth from proceeding under KRS 532.055 once a PFO charge is dismissed.

Spurling cites to *Price v. Commonwealth*, 666 S.W.2d 749 (Ky. 1984), and KRS 532.080 in support of his argument that he was entitled to notice of the prior convictions the Commonwealth intended to introduce during the penalty phase pursuant to KRS 532.055 and/or of the Commonwealth's intent to dismiss the PFO charge. In *Price*, it was held that the PFO statute required that, where "the Commonwealth seeks enhancement by proof of PFO status, the defendant is entitled to notice of this before the trial of the underlying substantive offense." 666 S.W.2d at 750. However, the Commonwealth did not proceed with

the PFO charge. It simply does not follow that *Price* required the Commonwealth to give Spurling advance notice of its intent to *abandon* enhancement by proof of PFO status. Any notice Spurling was entitled to receive pursuant to KRS 532.080, the PFO statute, was simply inapplicable.

Neither does it follow that *Price* requires that a defendant receive notice of the substantive offenses the Commonwealth intends to introduce during the penalty phase of a trial proceeding solely pursuant to KRS 532.055. In such a proceeding, prior convictions are not offered as proof to support a sentencing enhancement. The PFO statute, as with "second or subsequent offense" statutes, requires prior qualifying convictions to support a sentencing enhancement. KRS Chapter 218A, KRS 532.080, and KRS 532.060. In contrast, the initial sentencing which occurs during the penalty phase of a KRS 532.055 trial for a capital offense is not an "enhancement"; it is a criminal defendant's actual sentence. KRS 532.030 and KRS 532.055. The holding in *Price* that Spurling cites was conditioned upon the situation where "the Commonwealth seeks enhancement by proof of PFO status[.]" 666 S.W.2d at 750. The Commonwealth did not ultimately pursue enhancement by proof of PFO status. Accordingly, *Price* offers no support for Spurling's argument.

Even if Spurling had presented a meritorious argument that he was entitled to notice of the Commonwealth's intent to dismiss the PFO charge, his

motion still fails to demonstrate the lack of notice caused him to suffer specific, concrete prejudice. Spurling alleges that, as a result of the dismissal of the PFO charge, he was denied notice of the prior offenses that the Commonwealth intended to offer under KRS 532.055(2)(a). He alleges he was also denied other "safeguards that [he] enjoyed under KRS 532.080 concerning his right to challenge the validity of those prior convictions" and that KRS 532.055 does not require the Commonwealth to produce certified copies of his prior convictions as would have been mandated to under a KRS 532.080 hearing.

Spurling's motion stated that the jury learned of his extensive criminal history during the penalty phase of the trial, including his prior convictions for murder and first-degree manslaughter. However, Spurling fails to identify any particular prior conviction that the jury heard during the sentencing phase that he had not received notice of. He identifies no particular conviction that the jury learned of during the penalty phase of his trial that he contends it would not have otherwise heard. He complains that he did not receive the procedural "safeguards" that would have been available, had a KRS 532.080 hearing been combined with the penalty phase of the KRS 532.055 trial, but fails to offer any particular explanation as to how any of these safeguards might have affected his preparation for trial or any particular evidence heard by the jury.

In sum, we must affirm the trial court's denial of Spurling's CR 60.02 motion as untimely. We have examined the parties' briefs but conclude all issues or citations to authority raised therein which we have not addressed in this Opinion are without merit, are irrelevant, or are otherwise unnecessary for us to discuss.

## CONCLUSION

For the aforementioned reasons, we discern no abuse of discretion in the trial court's denial of Spurling's CR 60.02 motion. We affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Leo Cornelius Spurling, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky